[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10687
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20291-UU-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRENCE GEORGE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 21, 2017)

Before TJOFLAT, WILLIAM PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Terrence George appeals his 30-month sentence for illegally reentering the

United States after being removed and deported, in violation of 8 U.S.C. § 1326(a), (b)(2).

We will review the reasonableness of a sentence under a deferential abuse of discretion standard. *United States v. Alvarado*, 808 F.3d 474, 496 (11th Cir. 2015).

In reviewing a sentence, we first review the sentence for significant procedural errors, such as improperly calculating the guideline range or inadequately explaining the chosen sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). We then consider whether the sentence was substantively reasonable, taking into account the totality of the circumstances and the 18 U.S.C. § 3553(a) factors. *Id.* The party challenging the reasonableness of the sentence has the burden to show that it is unreasonable. *Alvarado*, 808 F.3d at 496.

The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the needs to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to deter criminal conduct, and to protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, pertinent policy

2

statements of the Sentencing Commission, and the need to avoid unwarranted sentence disparities.  18 U.S.C. § 3553(a)(1), (3)-(6).

A determination about how much weight is given to any 18 U.S.C. § 3553(a) factor is a matter within the district court's discretion.  We will not substitute our own judgment unless the sentence is substantively unreasonable.  *Alvarado*, 808 F.3d at 496.  A district court imposes a substantively unreasonable sentence when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error in judgment by balancing proper factors unreasonably.  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).  A district court is entitled to place substantial weight on a defendant's criminal history: five of the 18 U.S.C. § 3553(a) factors the district court is required to consider are related to criminal history.  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1263 (11th Cir. 2015).

When weighing the 18 U.S.C. § 3553(a) factors, the district court has discretion to determine whether a variance is warranted.  *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010).  The district court must determine that a justification "sufficiently compelling" exists to support a variance outside the guideline range.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).  The district court must support the degree of an upward variance with a

compelling and complete justification to allow for appellate review. *United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014).

Sentences outside the guideline range are not presumed to be unreasonable. We will defer to the district court's decision that the variance was justified. *Id.* That a sentence imposed is well below the statutory maximum penalty is an indicator of reasonableness. *United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016).

The district court did not abuse its discretion in varying to 30 months. The district court explicitly considered George's criminal history, his request for a sentence within the 24-to-30 month guideline range, and the 18 U.S.C. § 3553(a) factors; but the court concluded that George's criminal history weighed against varying lower than 30 months from the originally calculated range of 57 to 71 months. The district court sentenced George to approximately half of what he could have been sentenced to under the applicable guideline range. Furthermore, George's sentence of 30 months falls well below the statutory maximum of 20 years, suggesting substantive reasonableness. We accept that George's 30-month sentence was sufficient, but not greater than necessary, to account for the purposes of the § 3553(a) factors.

**AFFIRMED.**

4